IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TARRA MAYS** | * | |
| 9 North Collington Avenue | | |
| Baltimore, MD 11231 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | CASE NO.: |
| | | |
| **DISTRICT OF COLUMBIA** | * | |
| 441 Fourth Street, N.W. | | |
| Washington, D.C. 20001 | * | |
| | | |
| Serve: | * | |
| | | |
| Mayor Muriel Bowser, or | * | |
| her Designated Agent | | |
| c/o: Karl Racine | * | |
| Office of the Attorney General | | |
| 441 Fourth Street, N.W. | * | |
| Washington, D.C. 20001 | | |
| | * | |
| | | |
| Attorney General Karl A. Racine, or | | |
| his Designated Agent | * | |
| Office of the Attorney General | | |
| 441 Fourth Street, N.W. | * | |
| Washington, D.C. 20001 | | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

COMES NOW Plaintiff, Tarra Mays, by and through Samantha L. Peters, Esq. and Goldberg & Finnegan, LLC, and respectfully submits this Complaint for damages against Defendant District of Columbia ("D.C." or "the District"). In support of this Complaint, Plaintiff alleges:

**JURISDICTION**

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in the District of Columbia and in this Court, as it is the venue in which the tortious injury occurred and where the conduct which directly and proximately caused the injury took place.

3. The District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309 on January 2, 2019.

## PARTIES

4. Plaintiff is a resident of Baltimore, MD.

5. Defendant District of Columbia is a municipal corporation, subject to suit, which runs and constitutes the local government of Washington, D.C.

6. The Metropolitan Police Department ("MPD") is an agency within the executive branch of the District of Columbia Government.

7. Officer Iris Mendoza ("Officer Mendoza") was an agent, employee, and servant of MPD and therefore an agent, servant, and employee of the District at all times relevant hereto.

8. At all times relevant hereto, Officer Mendoza was acting within the course and scope of her employment as an officer for MPD and Defendant D.C.

## FACTS

9. On or about August 19, 2018, Plaintiff was operating her vehicle westbound on Arkansas, Avenue, N.W. and crossing the intersection with 16th Street, N.W. to enter the driveway of an apartment building located at 3900 16th Street, N.W.

10. Plaintiff had a green light as she entered and proceeded through the intersection.

11. On the same date and at the same time, Officer Mendoza was operating a District of Columbia marked police vehicle southbound on 16th Street, N.W. approaching the intersection with Arkansas Avenue, N.W.

12. Despite having a red light, Officer Mendoza proceeded through the intersection, striking Plaintiff's vehicle on the front passenger side.

13. Upon information and belief, Officer Mendoza did not have her lights and sirens on prior to entering or while traversing the intersection.

14. Upon information and belief, Officer Mendoza was not on an emergency run.

15. As a result of the collision, Plaintiff sustained severe and permanent injuries.

## **COUNT I**
**(Negligence)**

16. Paragraphs 1-15 are hereby incorporated by reference and re-alleged as if fully restated herein.

17. Officer Mendoza, acting as an employee and/or agent of Defendant District of Columbia, owed Plaintiff numerous duties including, but not limited to the following: to maintain control of her vehicle, to avoid collision, to obey traffic signs and controls, to obey the rules of the road, to keep a proper lookout, to pay full-time and attention to her driving, and to operate her vehicle at a reasonable and safe speed under the circumstances.

18. Defendant District of Columbia, by and through its employee and/or agent Officer Mendoza, breached the duties owed to Plaintiff and caused the collision.

19. As a direct and proximate result of the Defendant's negligence and breach of duties, Plaintiff suffered severe injuries to her body, physical and psychological, incurred medical expenses, sustained and will continue to sustain pain and discomfort, and will continue to suffer significant harms and losses in the future, including, but not limited to, loss of enjoyment, inconvenience, and permanent impairments to her health.

WHEREFORE, Plaintiff demands judgment against Defendant District of Columbia in the amount of one hundred thousand ($100,000.00) dollars plus costs and pre-judgment and post-judgment interest as permitted by law.

### COUNT II
### (Gross Negligence)

20. Paragraphs 1-19 are hereby incorporated by reference and re-alleged as if fully restated herein.

21. The conduct of Officer Mendoza, acting as an employee and/or agent of the District of Columbia, constituted an extreme deviation from the ordinary standard of care.

22. Officer Mendoza's extreme deviations from the ordinary standard of care included, but were not limited to, failure to activate her lights and sirens, especially prior to entering an intersection, failing to slow down as she approached the intersection, running a red light, and driving at speeds far in excess of the posted speed limit.

23. These deviations from the standard of care were so extreme as to support a finding of wanton, willful, and reckless disregard or conscious indifference for the rights and safety of others, including Plaintiff.

24. As a direct and proximate result of the Defendant's gross negligence, Plaintiff suffered severe injuries to her body, physical and psychological, incurred medical expenses, sustained and will continue to sustain pain and discomfort, and will continue to suffer significant harms and losses in the future, including, but not limited to, loss of enjoyment, inconvenience, and permanent impairments to her health.

WHEREFORE, Plaintiff demands judgment against Defendant District of Columbia in the amount of one hundred thousand ($100,000.00) dollars plus costs and pre-judgment and post-judgment interest as permitted by law.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues herein.

                                    Respectfully submitted,

                                    GOLDBERG & FINNEGAN, LLC

                                    __/s/ Samantha L. Peters_____
Samantha L. Peters, Esq. #229751
8401 Colesville Road, #630
Silver Spring, Maryland 20910
(301) 589-2999
(301) 589-2644 (fax)
*Counsel for Plaintiff Tarra Mays*
speters@goldbergfinnegan.com